IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM JAMESON, on behalf of himself and all others similarly situated, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.: 2:02-CV-2802-HH |
| | : | |
| JOHN J. RIGAS, MICHAEL J. RIGAS, TIMOTHY J. RIGAS, and JAMES P. RIGAS, | : | |
| | : | |
| Defendants. | : | |
| ERNEST PEDATA, on behalf of himself and all others similarly situated, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.: 2:02-CV-2901-HH |
| | : | |
| JOHN J. RIGAS, MICHAEL J. RIGAS, TIMOTHY J. RIGAS, and JAMES P. RIGAS, | : | |
| | : | |
| Defendants. | : | |
| DAVID SORENSON, on behalf of himself and all others similarly situated, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.: 2:02-CV-3158-HH |
| | : | |
| JOHN J. RIGAS, MICHAEL J. RIGAS, TIMOTHY J. RIGAS, and JAMES P. RIGAS, | : | |
| | : | |
| Defendants. | : | |

[Captions continued on next page]

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION OF THE WELLSVILLE GROUP TO BE APPOINTED
LEAD PLAINTIFFS AND FOR APPROVAL OF LEAD
<u>PLAINTIFFS' SELECTION OF LEAD COUNSEL</u>**

| | | |
|---|---|---|
| HAROLD WEINER, on behalf of themselves and all others similarly situated, | : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No.: 2:02-CV-3211-HH |
| JOHN J. RIGAS, MICHAEL J. RIGAS, TIMOTHY J. RIGAS, and JAMES P. RIGAS, | : : : : | |
| Defendants. | : | |
| BRIAN SMITH and DANA SMITH, on behalf of themselves and all others similarly situated, | : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No.: 2:02-CV-3265-HH |
| JOHN J. RIGAS, MICHAEL J. RIGAS, TIMOTHY J. RIGAS, and JAMES P. RIGAS, | : : : : | |
| Defendants. | : | |
| KURT MEYLE, on behalf of himself and all others similarly situated, | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No.: 2:02-CV-3699-HH |
| JOHN J. RIGAS, MICHAEL J. RIGAS, TIMOTHY J. RIGAS, and JAMES P. RIGAS, | : : : : | |
| Defendants. | : | |
| JEFFREY J. HYSLIP, on behalf of himself and all others similarly situated, | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No.: 2:02-CV-3768-HH |
| JOHN J. RIGAS, MICHAEL J. RIGAS, TIMOTHY J. RIGAS, and JAMES P. RIGAS, | : : : : | |
| Defendants. | : | |

[Captions continued on next page]

| | |
|---|---|
| SCOTT BURNSIDE, on behalf of himself and all others similarly situated, :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>JOHN J. RIGAS, MICHAEL J. RIGAS, :<br>TIMOTHY J. RIGAS, and JAMES P. RIGAS, :<br>:<br>Defendants. : | Civil Action No.: 2:02-CV-3769-HH |
| WILLIAM H. SPADAFORA, on behalf of himself and all others similarly situated, :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>JOHN J. RIGAS, MICHAEL J. RIGAS, :<br>TIMOTHY J. RIGAS, and JAMES P. RIGAS, :<br>:<br>Defendants. : | Civil Action No.: 2:02-CV-3858-HH |
| FEIVEL GOTTLIEB RESTATED DEFINED BENEFIT TRUST, on behalf of itself and all others similarly situated, :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>JOHN J. RIGAS, MICHAEL J. RIGAS, :<br>TIMOTHY J. RIGAS, and JAMES P. RIGAS, :<br>:<br>Defendants. : | Civil Action No.: 2:02-CV-4486-HH |

Adelphia Business Solutions, Inc. investors Jeffrey Hyslip, John Hyslip, Joseph Hyslip, Rance Backster, Larry Walsh, Richard Bokman, John Dwaileebe, Norman Preston and Stephen M. Kane[/1] (collectively referred to as the "Wellsville Group") respectfully submit this Memorandum of Law in further support of their appointment as lead plaintiffs and approval of their selection of lead counsel and in opposition to the motion for appointment as lead plaintiffs submitted by (i) International Brotherhood of Teamsters, Local 705 Pension Fund ("Local 705") and (ii) William H. Spadafora, Thomas Tarla, Dallas Beecham and Carol Beene (collectively referred to as the "Spadafora Group").

I.    **PRELIMINARY STATEMENT**

The criterion for the appointment of lead plaintiff set forth in the Private Securities Litigation Reform Act of 1995 (the "PSLRA" or "Act") is clear and unequivocal.[2] Indeed, all three competing lead plaintiff groups recognize that the investor(s) with the largest financial losses in connection with their respective investments in Adelphia Business Solutions, Inc. ("Adelphia Business Solutions" or the "Company") during the Class Period is statutorily presumed to be the "most adequate plaintiff." There can be no dispute that the Wellsville Group, consisting of nine individuals (including three related individuals), all of whom are either related, friends of, or acquainted with each other, who collectively suffered losses in excess of $3.308

---

[/1]    Inadvertently, class member Stephen M. Kane's name was omitted from the group of related individuals defined as the Wellsville Group in the Group's opening lead plaintiff motion. Nevertheless, Mr. Kane's signed Certification (as well as all of the Wellsville Group's Certifications) was attached as Exhibit A to the Affidavit of Darren J. Check filed in support of the Wellsville Group's motion. In addition, Mr. Kane submitted his own Declaration in support of the Wellsville Group's motion. *See* Exhibit A to Memorandum of Law in Support of Wellsville Group's motion.

[/2]    Under the PSLRA, a proposed lead plaintiff must: (1) have brought a motion for appointment as lead plaintiff within 60-days of the published notice of the first-filed action, (2) have suffered the greatest financial loss, and (3) meet the class action requirements of adequacy and typicality under Fed. R. Civ. P. 23.

million from their Class Period purchases of approximately 905,749 shares of Adelphia Business Solutions securities, has the largest financial losses, and therefore the largest financial interest in the outcome of this litigation. By comparison, Local 705 and the Spadafora Group suffered collective financial losses of $282,481 and $280,125, respectively, from their Class Period purchases of 68,400 shares and 425,400 shares, respectively, of Adelphia Business Solutions securities.

Indeed, Wellsville Group member John Dwaileebe alone lost more than $2.402 million from his Class Period purchases of Adelphia Business Solutions securities, which is by far the single largest financial losses of any single class member moving for appointment as lead plaintiff. In addition, Wellsville Group members John K. Hyslip (father), Jeffrey J. Hyslip (son) and Joseph F. Hyslip (son) (collectively, referred to as the "Hyslip Family") together lost more than $589,124 from their Class Period purchases of Adelphia Business Solutions securities, which is more than twice the amount of losses reported by Local 705 and the Spadafora Group. Thus, pursuant to the express terms of the PSLRA, the members of the Wellsville Group, either individually or as a group, have the largest financial interest in the relief sought for this action.

As the most adequate plaintiff, the Wellsville Group selects lead counsel in this action subject to Court approval. Here, the Wellsville Group having agreed to serve together as lead plaintiffs has selected the law firms Schiffrin & Barroway, LLP and Wolf Haldenstein Adler Freeman & Herz, LLP as Co-Lead Counsel for the Class. These firms are each well-experienced in securities class action litigation and well-qualified to prosecute this action. Accordingly, the Wellsville Group's lead counsel selection should be approved by the Court. See infra.

## II.  ARGUMENT

### II  The Wellsville Group Is "The Most Adequate Plaintiff" Under The PSLRA

In determining who is "the most adequate plaintiff," the PSLRA provides that:

[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is **the person or group of persons** that –

(aa)  has either filed the complaint or made a motion in response to a notice;

(bb)  in the determination of the court, has **the largest financial interest** in the relief sought by the class; and

(cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I) (emphasis added).  Under this statute, the Court is directed to presume that the most adequate plaintiff is the person or group of persons that have the largest interest in the relief sought by the class.  Here, that is the Wellsville Group.  Accordingly, the Wellsville Group's members should be appointed as Lead Plaintiffs.

### 1.  The Wellsville Group Clearly Has The Largest Financial Interest In The Action

There can be no legitimate dispute that the Wellsville Group has the largest financial losses in connection with its members' purchases in Adelphia Business Solutions securities. During the Class Period, the Wellsville Group collectively purchased approximately 905,749 shares of Adelphia Business Solutions securities resulting in financial losses of approximately $3.308 million.  By comparison, Local 705 and the Spadafora Group purchased 68,400 shares and 425,400 shares, respectively, of Adelphia Business Solutions securities resulting in reported financial losses of only $282,481 and $280,125, respectively.

A further comparison of the three competing lead plaintiff groups reveals that John Dwaileebe (losses of $2.402 million) and the Hyslip Family (losses of $589,124) of the

3

Wellsville Group each sustained far greater losses than both Local 705 and the Spadafora Group, individually or combined.

Although the PSLRA is silent as to the manner in which the "largest financial interest" should be calculated, courts that have addressed the largest financial interest requirement have noted that four factors are surely relevant to this inquiry.

> (1) the number of shares; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs."

In re Milestone Scientific Securities Litig., 183 F.R.D. 404, 413 (D.N.J. 1998) quoting Lax v. First Merchants Acceptance Corp., 1997 U.S. Dist. LEXIS 11866 at *17 (N.D. Ill. Aug. 6, 1997). No matter which factors the Court chooses to analyze, the Wellsville Group suffered both group and individual trading losses larger than those of Local 705 and the Spadafora Group and, as a result, has the greatest financial interest in this litigation.[3]

Accordingly, the PSLRA unambiguously requires the Court to afford the presumption of most adequate plaintiff to the members of the Wellsville Group. This presumption embodies Congress' conclusion that "class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." House Conference Report No. 104-369, 104th Cong. 1st Sess. at 34 (1995).

### 2. The Wellsville Group Qualifies Under Rule 23

The presumption of most adequate plaintiff – properly afforded to the Wellsville Group in this case – may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject

---

[3] During the Class Period, the Wellsville Group purchased the largest number of shares (net and gross), expended the largest amount of funds for its purchases, and suffered the largest financial losses.

4

to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  In moving for lead plaintiff, a lead plaintiff candidate need only make a preliminary showing that it satisfies the typicality and adequacy requirements under Fed. R. Civ. P. 23.  In re Advanced Tissue Sciences Sec. Litig., 184 F.R.D. 346 (S.D. Cal. 1998).  A "wide-ranging analysis" is inappropriate at the lead plaintiff selection stage.  Zaltman v. Manugistics Group, Inc., No. S-98-1881, 1998 U.S. Dist. LEXIS 22867 (D. Md. Oct. 8, 1998).

As set forth in their opening papers, the Wellsville Group's members satisfy the typicality and adequacy requirements under Rule 23 and are not aware of any unique defenses that defendants could raise against them.  Therefore, the Wellsville Group is entitled to the presumption that it is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in this action.

    **B.**    **The Wellsville Group's Selection of Lead Counsel Should Be Approved By The Court**

As the presumptive most adequate plaintiff, the Wellsville Group is entitled to select the lead counsel for this action, subject to the approval of the Court.  See 15 U.S.C. §78u-4(a)(3)(B)(v).  Here, the Wellsville Group has selected the law firms of Schiffrin & Barroway, LLP and Wolf Haldenstein Adler Freeman & Herz, LLP to represent it and the class.  These firms have extensive experience in the area of shareholder litigation and are well-qualified to serve as lead counsel.

**III.**    **CONCLUSION**

For the reasons stated herein, as well as in the Wellsville Group's opening papers, the Wellsville Group respectfully requests that this Court: (1) consolidate the above-captioned, and

all subsequently-filed, related actions;[4] (2) appoint the members of the Wellsville Group as lead plaintiffs in this action; and (3) approve the Wellville Group's selection of Schiffrin & Barroway, LLP and Wolf Haldenstein Adler Freeman & Herz, LLP as Co-Lead Counsel to represent the Class.

Dated: July 23, 2002

        Respectfully submitted,

        **SCHIFFRIN & BARROWAY, LLP**

By: _____
        Andrew L. Barroway, Esq. (#64477)
        Stuart L. Berman, Esq. (#62870)
        Darren J. Check, Esq. (#86279)
        Three Bala Plaza East
        Suite 400
        Bala Cynwyd, PA  19004
        Telephone:  (610) 667-7706
        Facsimile: (610) 667-7056

        **WOLF HALDENSTEIN ADLER FREEMAN & HERZ, LLP**
        Fred T. Isquith, Esq.
        270 Madison Avenue
        News York, NY 10016
        Telephone: (212) 545-4600
        Facsimile: (212) 545-4677

        **Proposed Co-Lead Counsel**

---

[4] In its opening lead plaintiff papers, the Wellsville Group inadvertently omitted the actions captioned as *Harold Weiner v. John J. Rigas, et al.*, C.A. No. 2:02-CV-3211-HH and *Feivel Gottlieb Restated Defined Benefit Trust v. John J. Rigas, et al.*, C.A. No. 2:02-CV-4486-HH.

**OF COUNSEL:**

**CAULEY GELLER BOWMAN & COATES, LLP**
Steven E. Cauley, Esq.
11311 Arcade Drive
Suite 200
Little Rock, AR 72212
Telephone: (501) 312-8500
Facsimile: (501) 312-8505